# AFFIDAVIT OF DEPORTATION OFFICER BRIAN E. SULLIVAN
# IN SUPPORT OF A CRIMINAL COMPLAINT

I, Brian E. Sullivan, being duly sworn, do depose and state that:

1. I am a Deportation Officer with the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operation ("ERO"), and have been so employed since September 20, 2015.  I have successfully completed training programs in conducting criminal and administrative investigations at the Federal Law Enforcement Training Center in Brunswick, Georgia and Charleston, South Carolina. I have also graduated the Massachusetts State Police Academy for prior employment as a Special State Police Officer at Boston University Department of Public Safety.  I have a bachelor's degree from the Curry College.  I have served as a law enforcement officer for the last 14 years.  My current duties as an ICE ERO Deportation Officer include conducting investigations involving foreign nationals who had previously been deported from the United States and are found unlawfully back in the United States.  I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express

consent of the Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of the Alien File ("A-File")associated with a person named Jarley Emilio Wendt ("Wendt") DOB xx/xx 1973.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, and as such, it does not necessarily contain every detail I and other law enforcement officers have learned during the course of this investigation, but instead only facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant charging Wendt with a violation of 8 U.S.C. § 1326.

**BACKGROUND OF THE INVESTIGATION**

4. On March 9, 2005, Wendt was encountered by ICE agents at Long Beach, CA Airport attempting to board an outbound flight. As proof of identity, Wendt produced a Brazilian passport and a United States B-2 visa. Upon inspection of the Visa, it was determined that that Visa was in fact counterfeit. Wendt was referred for an interview and admitted during the interview that

he was a citizen of Brazil, that the Visa was counterfeit, and that he had illegally entered the United States. At that time, Wendt was served a Notice to Appear and ordered held in ICE custody pending a hearing before an Immigration Judge.

5. On April 6, 2005, following a hearing with an Immigration Judge, Wendt was ordered removed to Brazil. On April 22, 2005, Wendt was removed to Brazil. At the time of his removal his fingerprints and photograph were obtained and affixed on a Warrant of Removal.

6. On January 18, 2019, Wendt was encountered by ICE agents at the Plymouth County Correctional Center. Wendt's fingerprints were obtained and found to match the fingerprints in his A-file.

7. In May 2019, I reviewed the A-file associated with Wendt. The A-File shows, among other things, that Wendt is a citizen and national of Brazil. The A-File also contains a Warrant of Removal showing that Wendt was deported to Brazil on April 22, 2005. I have reviewed photographs from Wendt's A-file and photographs from Wendt's recent arrest. The individual depicted in the A-File, the arrest photographs, and the recent photographs appear to depict the same individual. There is nothing in the A-File indicating that at any time since his removal on April 22, 2005, Wendt received the express consent of

the Secretary of the Department of Homeland Security to reapply for admission to the United States.

8. On May 22, 2019, a copy of Wendt's "10-print" fingerprint card and a copy of the fingerprints from his April 22, 2005 Warrant of Removal were forwarded to the HSI Forensic Laboratory, which confirmed a positive match.

9. Based on the foregoing facts, there is probable cause to believe that Jarley Emilio Wendt, a native and citizen of Brazil, who was deported on April 22, 2005, subsequently re-entered the United States without having received the express consent of the Secretary of Homeland Security, in violation of Title 8, United States Code, Section 1326.

_____
BRIAN E. SULLIVAN
DEPORTATION OFFICER
Homeland Security Investigations

**Jun 25, 2019**
Subscribed and sworn to before me this _____ day of June 2019.

_____
HONORABLE JUDITH G. DEIN
United States Magistrate Judge
District of Massachusetts